**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONY JAKE, | No. 09-56417 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-06208-ODW-JTL |
| v. | |
| TOM FELKER, Warden, Warden, CDC High Desert State Prison, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted August 7, 2012 [**]
Pasadena, California

Before: REINHARDT, SILVERMAN, and WARDLAW, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner Tony Jake appeals the district court's denial of his petition for a writ of habeas corpus. Jake argued that there was insufficient evidence to support the jury verdict that he committed a felony "committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." Cal. Penal Code § 186.22(b)(1). He argued that the imposition of the enhancement in the absence of sufficient evidence was unconstitutional under *Jackson v. Virginia*, 443 U.S. 307 (1979). Although he raised additional issues in his Application for a Certificate of Appealability, the district court granted a certificate only as to petitioner's claim that there was insufficient evidence to support the gang enhancement because "reasonable jurists could debate whether the evidence was sufficient to establish that petitioner had the specific intent to assist in criminal conduct by gang members."

In its interpretation of the second prong of § 186.22(b)(1), the California courts have held that "if substantial evidence establishes that the defendant intended to and did commit the charged felony with known members of a gang, the jury may fairly infer that the defendant had the specific intent to promote, further, or assist criminal conduct by those gang members." *People v. Albillar*, 51 Cal. 4th 47, 68 (2010). Here, there was substantial evidence that Petitioner intended to and did assist Underwood and Filer in murdering Bates. There was also sufficient

evidence that Underwood and Filer were Gangster Disciples members, and that the Gangster Disciples were a criminal street gang within the meaning of Cal. Penal Code § 186.22(f). Therefore, we find that the district court did not err in concluding that the California Court of Appeal's determination that there was sufficient evidence supporting the enhancement as defined by the California courts was not an objectively unreasonable application of *Jackson*.

AFFIRMED.